McKINNON *v.* GRENADA BANK

No. 39975          February 20, 1956          85 So. 2d 458

848

*Crisler, Crisler & Bowling,* Jackson, for appellant.

*Livingston & Fair,* Louisville, for appellee.

850

Hall, J.

The appellant for several years has been engaged in the business of buying and selling automobiles in the City of Jackson. On January 4, 1954, appellant purchased from Doss Motor Company at Louisville, Mississippi, a 1952 model Chevrolet automobile for the price of $1,075 and on that date executed and delivered to Doss Motor Company, which is a corporation, a certain instrument in writing as payment for said automobile, which is in the following form:

"Title papers must be attached

### BOB McKINNON MOTORS

Co-owner and Manager, Red Farmer's Auto Auction

Phone 3-7963                    Res. Phone 6-4606
Jackson, Miss. 1-4 1954

PAY TO THE ORDER OF Doss Motor Co.    $1075.00
One Thousand Seventy Five & No/100         Dollars

To BOB McKINNON MOTORS

Payable Through

DEPOSIT GUARANTY BANK & TRUST CO.

85-543
———
653

S. State Street Branch          R. J. McKinnon

JACKSON, MISS.    Reverse side must be filled in"

On the reverse side the instrument was endorsed in blank by the payee with a personal guarantee of title.

Doss Motor Company was a regular retail dealer in automobiles and on many occasions in the previous two years appellant had purchased automobiles from Doss Motor Company and had given similar instruments in payment thereof. It will be noted that at the top of the instrument it recites ''Title papers must be attached.'' All of the instruments prior to the one in question were paid by the appellant without the attachment of any title papers. Appellant took possession of the Chevrolet automobile on the night of January 4, 1954, and drove it to Jackson, Mississippi, and put it in his stock in trade and in a short time sold it for $1,200. On the 5th day of January Doss Motor Company deposited said instrument in the Bank of Louisville, which is a branch of and is owned by appellee Grenada Bank and was issued a deposit slip whereby the full amount of $1,075 was credited to the account of Doss Motor Company. The instrument in question was forwarded through banking channels to Deposit Guaranty Bank & Trust Company at Jackson and was received by it on January 8, 1954. Mr. Dan W. Doss, who was the president and principal stockholder of Doss Motor Company, died on January 8, 1954. The appellant on January 27th, without looking at the instrument to determine whether any title papers were attached had the Deposit Guaranty Bank and Trust Company return the instrument unpaid through banking channels on January 27th, and to this date the appellant has never paid anything on his obligation evidenced by said paper.

There is a great deal of argument in the briefs as to whether or not this instrument is a draft or a check. For the appellee it is pointed out that the instrument is drawn by McKinnon on himself and does not provide any deferment of time in which it should be paid. Clearly it is a negotiable instrument and in our view it is un-

necessary for us to determine whether the instrument is a draft or check for the reason that the appellee credited Doss Motor Company with full value for said instrument and on January 25, 1954, the appellee had already honored checks drawn by Doss Motor Company on its account to the extent that there remained only $12.02 on deposit to its credit. In the meantime Doss Motor Company had gone in bankruptcy and the appellee had no opportunity to charge the said instrument back to the account of Doss Motor Company. In short, the appellee lost $1,075 through this transaction and it is without dispute that the appellee is the holder for value in due course of said instrument without notice of any defect therein. Appellant contends that since no title papers were attached to the draft, this was sufficient to put the appellee on notice. The custom established between these parties in the payment of similar instruments during the previous two years without title papers being attached to any of them negatives the idea that there was any notice sufficient to put the bank on inquiry for defects.

On January 4, 1954, Doss Motor Company, under a trust receipt contract pledged the said Chevrolet automobile to Associates Discount Corporation to secure a loan thereon of $900 and this loan was never repaid. Doss Motor Company was a dealer in automobiles and the mere fact of sale and delivery of the Chevrolet automobile carried with it a good title and no further title papers were necessary to complete the transaction. Columbus Buggy Company v. Turley, 73 Miss. 529, 19 So. 232; Merchants & Farmers Bank v. Schaaf, 108 Miss. 121, 66 So. 402; Garrett v. Hunter, 48 So. 2d 871, not reported in the State Reports; Commercial Credit Corporation v. General Contract Corporation, 79 So. 2d 257, not yet reported in the State Reports.

On December 15, 1953, appellant bought from Doss Motor Company a Dodge automobile, along with

five other cars, for the total price of $5,000 and gave an instrument for that amount in favor of Doss Motor Company, which was promptly paid without the attachment of any title papers. Appellant sold this Dodge automobile to a motor firm in Baton Rouge, Louisiana, which afterwards sold it to one of its retail customers. It later developed that this car was also pledged to Associates Discount Corporation for an indebtedness of about $1,800. After the transaction hereinabove related as to the Chevrolet car, Associates Discount Corporation filed a suit in Louisiana for recovery of or to enforce its alleged lien against the Dodge automobile. The appellant herein assumed the defense of said suit and on March 31, 1954, paid by way of compromise to Associates Discount Corporation the sum of $750, and also paid a fee of $62.50 to a Louisiana attorney for his services in connection with the suit. Under the authorities which we have cited above, the appellant had a good title to the Dodge car and it was wholly unnecessary for him to pay anything in settlement of said suit. It seems that Louisiana has the same rule as our Mississippi authorities hold. General Motors Acceptance Corporation v. Hahn, 190 So. 869 (La.)

On April 28, 1954, appellant filed a bill of interpleader in the Chancery Court of Hinds County against the Associates Discount Corporation and Grenada Bank and admitted that he owed someone the $1,075 but claimed that he was entitled to a credit against the same for the $812.50 which he had expended in defending and settling the Louisiana suit. He tendered the difference into court in satisfaction of his $1,075 obligation. There were other defendants named in the bill who filed disclaimers and they were dismissed from the suit. Grenada Bank filed a cross bill for recovery of the full sum of $1,075 from the appellant and Associates Discount Corporation answered and filed a cross bill and the case proceeded to trial between appellant and the two defendants who remained in the suit.

After a lengthy hearing the chancellor found against Associates Discount Corporation and it does not appeal from the final decree. The court further found in favor of Grenada Bank against the appellant in the full amount of $1,075 and found that appellant is not entitled to a setoff of $812.50 as claimed by him. Out of the money tendered into court the chancellor directed the clerk to pay all of the court costs and to pay the balance, if any, to Grenada Bank to apply as a credit on the judgment for $1,075 against the appellant. From that decree the appellant prosecutes this appeal.

There was practically no conflict in the evidence and it abundantly supports the chancellor's findings and decree. Consequently the decree appealed from will be affirmed.

Affirmed.

*Roberds*, P. J., and *Arrington, Ethridge* and *Gillespie*, JJ., concur.